## Linck v. Kelley.

Slander—Suit for slander. The words charged were, "I have f——ked Rebecca Kelley one hundred times." "I have screwed Beck Kelley one hundred times." Answer, admitting the speaking of the words, and alleging that defendant had repeatedly had sexual intercourse with the plaintiff.

*Held*, that the first set of words were actionable *per se*. *Semble*, that the second set were not actionable unless aided by other averments.

*Held*, also, that if the complaint failed to show that the intercourse implied by the words charged was illicit, the answer cured the defect.

APPEAL from the *Clinton* Circuit Court.

Gregory, J.—*Rebecca Kelley* sued the appellant in the court below for slander. The words charged are, "I have f——ked *Rebecca Kelley* one hundred times." "I have screwed *Beck Kelley* one hundred times."

The defendant answered, that "he did speak the words charged in the complaint, but that he only spoke them to a friend in confidence, without any intention of giving the same publicity, or otherwise injuring the plaintiff, but that in fact the words were true at the time he uttered them. That he had many times, prior to the speaking of the words, had illicit sexual intercourse with the plaintiff, to all of which she at the time consented." The plaintiff replied by the general denial. Trial by jury; verdict for the plaintiff. The defendant moved in arrest of judgment, on the grounds: 1st. That the plaintiff's complaint did not disclose a right of action. 2d. That the plaintiff's complaint did not allege facts sufficient to entitle her to a judgment. The court below overruled the motion and rendered judgment on the verdict, and this is assigned for error. It is claimed that the words charged do not import whoredom, and are not actionable *per se*. We think otherwise. The word "f——ked," although not to be found in any vocabulary of the *English* language, is

as well understood as any other *English* word. *Edgar* v. *McCutcheon*, 9 Mo. 768. A number of common *English* words are not to be found in the standard lexicons of the language on account of their vulgarity. It may be that the word "screwed" is not actionable in the absence of other averments, but if one set of the words charged are actionable *per se*, the motion in arrest was rightly overruled.

It is urged that the words spoken do not import that the intercourse between the plaintiff and defendant, implied therein, was unlawful. If this was so, the answer cures the defect. The facts averred in the complaint, however, show *prima facie* that the relation of husband and wife did not exist between the plaintiff and the defendant, and sexual intercourse between persons sustaining any other relation is unlawful, and an act of whoredom. The Circuit Court committed no error in overruling the motion in arrest of judgment.

The judgment is affirmed with costs, and ten per cent. damages.

*H. L. Morrison*, *L. McClurg* and *J. N. Sims*, for appellant.

*R. P. Davidson*, for appellee.