State vs. Robertson.

## No. 1146.

### THE STATE OF LOUISIANA vs. CHARLES ROBERTSON *alias* LEWIS ROBERTSON.

A person to whom complaint has been made by the victim of a rape, when placed on the witness stand, cannot be permitted to repeat all the details of the outrage and the name of the ravisher as reported to her, but can only testify as to the fact of the complaint being made and as to the condition of the victim when making the complaint. Such testimony is not to be regarded as independent and original evidence to establish the guilt of the accused, but its purpose is to support the testimony of the person outraged.

The counsel for one accused of such crime, who seeks to impeach the testimony of the principal witness by showing contradictions between the statements of such witness made on the preliminary examination and those made on the trial, should be permitted to read parts of the previous deposition and ask the witness if she had so testified, and should not be compelled first to read to her the entire deposition out of the presence of the court and jury.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman, J.*

*M. J. Cunningham,* Attorney General, for the State, Appellee.

*J. J. Foley* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant appeals from a sentence of imprisonment at hard labor for life on conviction for rape.

The grounds of his appeal appear in two bills of exception found in the record.

I.

One is to the following effect:

The only direct testimony against the accused touching the commission of the offense charged was that of the alleged victim of the outrage.

Another witness was called by the State, who stated that the prosecutrix made complaint to her of the commission of the offense soon after its alleged occurrence, and was proceeding to repeat the details of the affair and to give the name of the offender as told her by the prosecutrix, when objection was made to such disclosures by the witness, on the ground that the matters about which the witness was proceeding to testify were not a part of the *res gestæ* and were therefore inadmissible. The objection was overruled and the witness permitted to state that the prosecutrix said that the accused was the perpetrator of the outrage upon her.

This was error.

The object of calling this witness was not to furnish original or independent proof to support the charge itself, but the sole purpose and

effect of such evidence was to sustain the testimony of the prosecutrix —the principal witness.

We find in Bishop on Criminal Procedure the following expression· on this point:

"The principal witness therefore in these cases stands in a particu-- larly delicate situation before the jury; and the law has defined by what methods and within what limits her testimony may be supported· or impeached. * * * After this principal witness has testified· against the accused, the government may introduce witnesses to sustain her evidence of complaint made by her recently after the occurrence of the alleged outrage, together with evidence, if there is such,. of marks of violence seen on her person. But according to the general doctrine, the particulars of the offense, as she stated them, and the· name of the person charged by her with committing the crime, cannot thus be produced." And this doctrine is supported by frequent adjudications.

## II.

The prosecutrix or principal witness had testified before the recorder· at the preliminary trial, and her testimony had been reduced to writing. On the trial before the district court, and on the cross-examination of this witness, the attorney for the accused produced this previous· testimony of the witness given before the recorder, and with a view of laying a foundation for impeaching the testimony of the witness just taken on the trial, by showing discrepancies or contradictions· between it and that of the preliminary examination, read to the witness parts of said previous testimony, to be followed by the inquiry whether she had so testified, when objection was made to this mode· of proceeding—on what ground it does not appear—and the objection was sustained.

It appears from the bill of exceptions that the trial judge required the counsel to let the witness read the whole of her said previous testimony, if she could read, and if not (such was the case in this instance)· then to take the witness into another room, with the district attorney, under charge of a deputy sheriff, and there to read to the witness the whole of her testimony—and then return to the court-room and in presence of the jury and ask the witness if the testimony read to her· was correct or not; and then if it appeared that the testimony had been read over to the witness by the recorder before she signed it, and· had been signed by her, and had been duly certified as correct by the recorder, and having been admitted to be correct by the witness, that then the whole of said testimony might be read to the jury, but that:

he would not allow counsel to read a part of the testimony or even the whole of it before the witness had thus been given an opportunity to say whether that was the evidence given by her before the recorder- To such ruling of the judge the counsel reserved his bill.

We have no hesitation in saying that the counsel was proceeding regularly and properly when thus summarily stopped. We know of no law and have referred to none which requires all this circumlocution and circuity of action imposed by the trial judge as a condition precedent to the accomplishment of the purpose had in view by the counsel of the accused. He was, in our opinion, strictly in line when these requirements were made upon him, and he was entirely justifiable in declining to accede to them.

We are satisfied that the accused was seriously prejudiced by these erroneous rulings, and by reason of the same the case must be remanded.

It is therefore ordered, adjudged and decreed that the verdict of the jury in the lower court be set aside, and the sentence of the court be avoided and reversed, and the case remanded to be proceeded with according to law and the views herein expressed.