(April 24, 1907.)

STATE, Respondent, v. LEONARD L. FOWLER et al., Appellants.

[89 Pac. 757.]

CRIMINAL LAW—RAPE—EVIDENCE—STATEMENTS BY PROSECUTRIX TO THIRD PARTIES—STATEMENTS OF HEARSAY—CONSENT OF FEMALE—BURDEN ON PROSECUTION OF SHOWING WANT OF CONSENT—ERRONEOUS INSTRUCTIONS AS TO BURDEN OF PROOF.

1. In the examination of an ignorant and illiterate witness who does not understand the English language nor the methods of taking testimony in court procedure, greater latitude should be allowed than in the examination of the average witness.

2. The law will take cognizance of and punish criminal acts and conduct with equal severity and justice, whether such acts and conduct consist of or are described in language not found in the statutes and lexicons or in language in general use and to be found in the books.

3. In a prosecution for rape, the state may prove by the prosecutrix and other witnesses that she made complaint soon after the commission of the alleged act, and show when, where and to whom and under what circumstances she made complaint and her appearance, demeanor and physical condition at the time she made complaint, but the details of the conversations had and name of the person accused by her may not be given by the witness.

4. Statements and complaint made by a member of prosecutrix's family to third persons as to the commission of the offense are not admissible in evidence on a trial for rape.

5. A party producing a witness "may contradict him by other evidence, and may also show that he has made at other times statements inconsistent with his present testimony," but a prosecutor should not propound questions to a witness for the mere purpose of discrediting him where he is not prepared to show such inconsistency.

6. It is improper for a trial court to comment on the evidence produced before the jury or to suggest to the jury what fact is proven or disproven by the evidence.

7. In a prosecution for rape, where the female was under no legal disability to give consent, it is error for the court to instruct the jury that: "The acts of sexual intercourse being admitted, the burden of showing that they were committed with the consent of the woman without force or violence or threat is upon the defendants."

8. Where the offense of rape is charged as having beeen committed on a female who was not under any legal disability to give consent to the act, the state must show beyond a reasonable doubt not only sexual intercourse, but that it was committed without the consent and against the will of the woman.

9. The fact that the prosecutrix received and accepted money from her assailant after the perpetration of the offense, while a circumstance admissible in behalf of the defendant, is of itself not sufficient to prove consent and absolve the defendant from guilt.

(Syllabus by the court.)

APPEAL from the District Court of Fourth Judicial District for Blaine county. Hon. Lyttleton Price, Judge.

Defendants were prosecuted on the charge of rape and convicted and sentenced to serve each a term in the state penitentiary. From the judgment and an order denying their motion for new trial, defendants appealed. *Reversed.*

R. M. Angel and Sullivan & Sullivan, for Appellants.

In a criminal prosecution the venue must be proved as laid. (22 Ency. of Pl. & Pr. 820.)

When a bill of exceptions purports to set out all the evidence adduced, and shows no proof of the venue, a judgment of conviction will be reversed. (*Cowthorn v. State,* 63 Ala. 157; *Harrison v. State,* 3 Tex. App. 558; *Jack v. State,* 3 Tex. App. 72.)

Positive testimony is necessary to prove venue. (*Speight v. State,* 80 Ga. 512, 5 S. E. 506; *Franklin v. State,* 64 Tenn. 613.)

It is well established that the prosecution may show that the prosecutrix made complaint of the offense, but the details or particulars of the complaint, stated by her to others, are inadmissible. (*Parker v. State,* 67 Md. 329, 1 Am. St. Rep. 387; *State v. Robertson,* 38 La. Ann. 618, 58 Am. Rep. 201; *People v. Mayes,* 66 Cal. 597, 56 Am. Rep. 126, 6 Pac. 691; *People v. Lambert,* 120 Cal. 170, 52 Pac. 307; *State v. Daugherty,* 63 Kan. 473, 65 Pac. 695; 3 Greenleaf on Evidence, sec. 213; *Stevens v. People,* 158 Ill. 111, 41 N. E. 856.)

The record does not contain a word going to show that the acts in question were admitted. Such an instruction is clearly erroneous and prejudicial to the defendants. The burden of proof and the obligation to convince the jury beyond a reasonable doubt of the prisoner's guilt is, in criminal trials, upon the state from the beginning to the end of the trial. (Underhill on Evidence, sec. 249; Underhill on Criminal Evidence, sec. 24.)

It is material error to place the burden of proof on the wrong party, since it is calculated to mislead the jury. (1 Blashfield's Instructions to Juries, sec. 347, and cases there cited.)

J. J. Guheen, Attorney General, H. L. Ensign, Prosecuting Attorney of Blaine County, Edwin Snow and J. H. Peterson, for the State, file no brief.

AILSHIE, C. J.—The defendants were tried jointly on the charge of rape committed on an Indian woman in Blaine county, July 30, 1906. A verdict of guilty was returned and the prisoners were thereafter sentenced to serve each a term of five years in the state penitentiary. The defendants have appealed from the judgment and an order denying their motion for a new trial.

It is first urged by counsel for defendants that the venue was not shown to be within the county of Blaine, where the

case was tried. It will be unnecessary to consider this assignment here further than to say that we do not think it is well taken. One witness testified on the part of the state that the scene of the trouble was in Blaine county, and no one denied or disputed that evidence. Of course, venue can no more be proven on hearsay than any other fact, but here we think the proof could not properly be classed as hearsay.

Defendants assign as error the action of the court in overruling objections to certain questions asked the witness, Snake River Jeff, the husband of the prosecutrix. He was asked if he told Mrs. Billingsley anything about the occurrence. He answered that he "told the whole family." Such questions in a case of this kind can seldom be competent or proper, but the answer here was not such as to prejudice the defendant, and besides it should be borne in mind that in this case the prosecutrix and principal witnesses for the state were Indians, who understood but very little English, and whose testimony had to be taken through means of an interpreter. In the examination of an Indian who has practically no conception of court procedure or the competency of statements made by him or others to him, greater latitude must be allowed in eliciting such facts as he knows and which are really competent than in ordinary cases.

Exception is also taken to the action of the court in telling the prosecuting attorney that he would have to further question the prosecutrix to show if he could that the act of sexual intercourse had been completed—that he did not think the law would take notice of the words witnesses had used to convey the idea that intercourse had taken place. There was no error in this, although we think it was unnecessary. The words used by the witnesses were not drawing-room terms, and are neither found in the statutes nor dictionaries, but judging from the familiarity with which the witnesses used them, they must have imparted quite a definite notion of what transpired. A man cannot claim protection from the penalty of his acts or conduct, either civilly or criminally, simply because he has uttered words or his act has been described in language not used in the statutes or found in the lexicons.

(*Edgar v. McCutcheon,* 9 Mo. 768; *Barnett v. State,* 35 Tex. Cr. Rep. 280, 33 S. W. 340; *Linck v. Kelley,* 25 Ind. 278, 87 Am. Dec. 362; 4 Words and Phrases, 2994.)

The defendants assign as error the action of the court in permitting the witnesses, Jane Billingsley and Archie Billingsley, to testify to the details of a conversation had with Snake River Jeff some time after the commission of the offense. The testimony given by these witnesses as to their conversation with Jeff was very meager, and not particularly prejudicial to the defendants, but since the case must go back for a new trial, it becomes our duty to announce the rule to be followed on the next trial. It was proper and competent for Jeff, who had been present, to testify to what he saw and heard at the time and place of the commission of the alleged offense and all that occurred while defendants were present. It was also competent for him to testify to what his wife, Mary, told him occurred at the time as a part of the *res gestae.* On the other hand, it was not competent for the witnesses to relate the conversation they had with Jeff, though it would be competent for them to state that he made the complaint in presence of the prosecutrix, and for them to testify to the condition and appearance of both Jeff and the woman.

Now, as to the evidence of the fact and circumstances of the complaint made by the prosecutrix:

We think it is the generally accepted rule that the state may prove by the prosecutrix and the witnesses to whom she made complaint that she did make complaint, and when, where and to whom it was made, and her appearance, demeanor and physical condition at the time of making such complaint, and also the fact that some person was accused of the commission of the offense; but the details of the complaint and conversations had are never admissible on the part of the state except under peculiar circumstances. We think the correct rule is laid down by Mr. Underhill in his work on Criminal Evidence at section 409 as follows: "The fact that the victim of a rape was weeping, or that she made immediate complaint, as well as when she made it and to whom, being material and

relevant to show the commission of the crime, may be proved as original evidence on the direct examination of the prosecutrix or of any other witness. It may be shown that the complaint was made, where and to whom it was made, and that some person was accused who must not be named. But the details of what the prosecutrix said cannot be proved on the direct examination, unless the complaint is so closely connected with the time or place of the crime as to form a part of the *res gestae.*" (*Parker v. State,* 67 Md. 329, 1 Am. St. Rep. 387, 10 Atl. 219; *State v. Robertson,* 38 La. Ann. 618, 58 Am. Rep. 201; *People v. Mayes,* 66 Cal. 597, 56 Am. Rep. 126, 6 Pac. 691; *People v. Lambert,* 120 Cal. 170, 52 Pac. 307; *State v. Daugherty,* 63 Kan. 473, 65 Pac. 695.)

The detailed account as given by the prosecutrix to a third party can only become admissible on the part of the state in cases where the defendant has attempted to impeach her, and this is permissible under the theory that it constitutes corroboration of her testimony. (Underhill on Criminal Evidence, sec. 410, and cases cited.)

Defendants complain on account of the action of the court in permitting the prosecuting attorney to ask the witnesses Billingsley if they had not made certain statements to him and the sheriff concerning the case, and in conflict with what they testified to on the witness-stand. We do not think the prosecutor was justified in asking all the questions he did of these witnesses and in the form and manner he put them. This is especially objectionable where he asks such questions and then fails to produce the witnesses to whom he claims the statements were made and have them testify. Where a prosecutor does ask this class of questions and then fails to produce the parties with whom he claims the witness had talked, the jury should be specifically instructed to disregard that evidence entirely. It should be borne in mind, however, that a party producing a witness "may contradict him by other evidence, and may also show that he has made at other times statements inconsistent with his present testimony." (Rev. Stats., sec. 6080.) Such was the holding of this court in *State v. Corcoran,* 7 Idaho, 220, 61 Pac. 1034. The prose-

cutor should not use this privilege of examination merely as a means or subterfuge for prejudicing the jury against the witness or the defendant. (*State v. Irwin*, 9 Idaho, 35, 71 Pac. 608, 60 L. R. A. 716.)

It was not error for the court to exclude the complaint filed in the probate court. The date of its filing was admitted, and that was the only apparent object for offering the complaint—to show the date on which it was filed.

This brings us to the most serious objections urged upon this appeal, namely: Erroneous instructions given by the court to the jury. The instructions given by the court were very brief and terse, and the two to which defendants except are as follows:

1. "It is proper to call your attention to the fact that no witness has testified that the woman consented to this act. The woman testifies that after the acts were committed one of the defendants gave her money. The other evidence touching this point is not direct, but is in the form of evidence as to the subsequent statements of the woman and her husband, Indian Jeff, to which you should give such weight as in your best judgment it is entitled to."

2. "The acts of sexual intercourse being admitted, the burden of showing that they were committed with the consent of the woman and without force or violence or threat is upon the defendants."

In the former of these instructions, the court undertook to single out specific parts of the evidence and tell the jury its import, but the most serious objection to which it is open is the fact that the court emphasized what he designated the absence of any evidence showing the assent of the prosecutrix to the criminal act. This was wholly improper, and it was not the duty of the defendant, in the first instance, to show assent, but it was rather made by law the duty of the state to show the want of assent. This feature of the instruction is particularly emphasized by the second instruction wherein the court told the jury that the burden of showing that the acts "were committed with the consent of the woman and without force or violence or threat is upon the defendants." This is

the very contrary to what the law really is and always has been. Where the offense is charged as having been committed on a female not under legal disability to give consent to the act, the state must show beyond a reasonable doubt not only the sexual act, but that it was committed without the consent and against the will of the woman. There can be no rape in sexual intercourse by mutual consent where the female is capable of giving legal consent. In such case to prove the act alone amounts to nothing, unless, in the language of the statute (section 6765), it has been accomplished "by force or violence." It is the duty of the state to prove all these facts, and it is only after they have been established beyond a reasonable doubt that the defendant is called upon to rebut them. (Underhill on Criminal Evidence, secs. 24, 417; Greenleaf on Evidence, 210; Underhill on Civil Evidence, sec. 249; 1 Blashfield's Instructions to Juries, sec. 347.)

The action of the court in telling the jury that the acts of sexual intercourse were admitted is severely criticised by appellants. As a statement of fact that was substantially correct, but it is not a part of the duty of the court to tell the jury what facts were proven. This statement was calculated to mislead them. The defendants did not testify themselves, but presented other witnesses, none of whom saw the act committed or claimed to know of it, except one man who testified that he heard the defendants say on the day of the occurrence that they gave the woman five dollars, and that he saw them making the change, but did not learn what it was for. This kind of evidence could only have one purpose in view; namely, that the defendants meant for the jury to understand that they committed the acts with the consent of the woman, and that they paid her the price therefor. That matter, however, should have been left to the jury without any comments from the court.

It is admitted by the state that these instructions are erroneous, but it is contended, on the other hand, that they were cured by the court instructing the jury that they must find the defendant guilty beyond a reasonable doubt or else acquit him; and, again, that the burden was on the state to

prove every material allegation as laid in the information. As we view it, these latter instructions were correct principles of law, but in no way cured the error contained in the other instructions. It did not help the defendant any for the court to tell the jury that the state must prove every allegation in the complaint beyond a reasonable doubt, where the court had already told them that it was only necessary for the state to establish one principal fact, and that that fact was admitted by the defendants.

We have examined the other assignments of error as to rulings upon the admission and rejection of evidence, and do not think that there was any substantial error committed in the rulings of the court not specifically taken up and considered in this opinion.

Lastly, the defendants contend that the evidence is insufficient to sustain the verdict of conviction for the reason that as a matter of fact they succeeded in showing the consent of the prosecutrix, and that she received and accepted the sum of five dollars paid by them. It seems to be an admitted fact in the case that the defendants paid the prosecutrix that sum after the perpetration of the offense. While that class of evidence is proper to be considered by the jury in determining whether or not the act was committed with the consent of the prosecutrix, still the receipt and acceptance of money or other valuable after the commission of the offense would not in itself establish consent, nor would it purge the act of the elements of crime or relieve the defendants from the penalty of their act. (*State v. Hammond,* 77 Mo. 157.)

On account of the erroneous instructions given by the court to the jury in this case, it becomes our duty to reverse the judgment and grant a new trial. If instructions such as were given in this case could be permitted, there would be no safety in trials in these cases and no protection under the law. A man, whether guilty or innocent, is entitled to a fair trial and to have the law governing his case correctly stated to the jury. He should also be convicted, if at all, on legal and competent evidence, and not upon hearsay. The judgment is reversed and the cause remanded and a new trial is ordered.

Sullivan, J., concurs.