**LAZZARO v. WEEDIN, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. March 23, 1925. Rehearing Denied April 27, 1925.)

No. 4456.

Aliens ⊝54—Order of deportation to Italy rather than to Canada held not abuse of discretion on part of Secretary of Labor.

Where alien came to United States in 1904, and four months later went to Canada, and there resided for three years, after which he returned to United States, and where his wife came in 1900, and had since continuously resided in United States, direction that they be deported to Italy, their native land, rather than to Canada, *held* not abuse of discretion on part of Secretary of Labor, acting under Immigration Act Feb. 5, 1917, § 20 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼k).

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Deportation proceeding by Luther Weedin, as Commissioner of Immigration at the port of Seattle, Wash., against Domenico Lazzaro. From a judgment (293 F. 475) ordering defendant deported to Italy, rather than to Canada, he appeals. Affirmed.

W. F. Van Ruff, of Seattle, Wash., and P. A. Vincilione, of San Francisco, Cal., for appellant.

Thos. P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. Domenico Lazzaro and Bambino Lazzaro, his wife, were ordered to be deported to Italy, their native country. It is admitted that there was just cause for deportation. The only question presented to this court on the appeal is whether or not it was error to order that the deportation be to Italy, rather than to Canada.

Domenico Lazzaro came from Italy to the United States in 1904. Four months later he went to Canada, where he resided three years, and thence he returned to the United States, where he has since continuously lived. On September 9, 1918, he married Bambino, a native and subject of Italy, who came in 1900 from Italy, and who has since continuously resided in the United States.

The statute under which deportation was ordered was not Immigration Act Feb. 20, 1907, c. 1134 (34 Stat. 898), relied upon by the appellant, but Act Feb. 5, 1917 (39 Stats. 885 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼k]), section 20 of which vested in the Secretary of Labor discretion to order the return of these aliens either to Italy or to Canada. In directing that they be returned to Italy there was no abuse of discretion. It does not follow, from the fact that Domenico Lazzaro lived three years in Canada, that he acquired a domicile which entitled him to be deported to the Dominion of Canada.

The case of Ex parte Guest (D. C.) 287 F. 884, is not in conflict with this view. In that case a man and his wife were ordered deported to England and on habeas corpus the court held that they were not subject to deportation. Incidentally the court intimated that, if in fact they were subject to deportation, the order should have been that they be deported to Canada, and not to England. This was said in view of evidence that, when leaving England, the petitioners had decided to settle in Canada, where they remained three months before entering the United States. The court observed: "If it were found that these aliens are properly subject to deportation, it would be necessary to consider in greater detail the facts concerning their residence in Canada, the question of domicile, and the contention as to the place of deportation."

In the case at bar there is no evidence whatever that Domenico Lazzaro went to Canada for the purpose of settling or obtaining a domicile there; and in view of the heinous nature of the offense for which he and his wife are ordered deported, it may well be doubted whether they would be received in Canada, in pursuance of an order of deportation from the United States.

We find no error, and the judgment is affirmed.