**JOHNSON v. WEEDIN, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit November 29, 1926.)

No. 4756.

1. **Aliens** ☞54(9)—**Evidence held to sustain finding that alien was practicing prostitution; "sporting" (Immigration Act 1917 [Comp. St. § 4289¼a et seq.]).**

Evidence, including alien's testimony that she was "sporting" at particular places, *held* to sustain finding that she was practicing prostitution, warranting deportation under Immigration Act 1917 (Comp. St. § 4289¼a et seq.).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sporting.]

2. **Evidence** ☞16—**Courts will take judicial notice of meaning of words or idioms that have acquired a special significance.**

Courts will take judicial notice of meaning of words or idioms that have acquired a special significance, although such departure from correct usage may be confined to particular classes.

3. **Aliens** ☞54(12)—**Deportation to native country held properly ordered, though alien entered from Canada (Immigration Act 1917, § 20 [Comp. St. § 4289¼k]).**

Alien, who entered country from Canada and was found practicing prostitution, *held*, under Immigration Act 1917, § 20 (Comp. St. § 4289¼k), properly ordered deported to her native country, Iceland, being without legal status in Canada and refused admission there.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus proceeding by Bjary Johnson against Luther Weedin, Commissioner of Immigration. From an order denying the writ, petitioner appeals. Affirmed.

John J. Sullivan and V. G. Frost, both of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

KERRIGAN, District Judge. This is an appeal from an order denying the petition of Bjary Johnson for a writ of habeas corpus in a deportation proceeding. The appellant is an alien single woman, about 26 years of age, born in Iceland. Following a hearing before the immigration inspector, she was ordered to be deported by the Secretary of Labor, upon the ground that she was found practicing prostitution after her entry into this country, contrary to the provisions of the Immigration Act of February 5, 1917 (Comp. St. § 4289¼a et seq.).

[1] Appellant contends, first, that the evidence does not sustain the finding of the Department of Labor that she was practicing prostitution; and, secondly, that, if it be held to establish that fact, then the order of deportation should specify the Dominion of Canada, the place from which she departed to enter the United States. The evidence shows that, when first taken into custody by an immigration inspector at Aberdeen, Wash., the appellant was known by the name of Beatrice Miller, her true name being Bjary Johnson; that, when pursuing the calling which occasioned her arrest, she used the former name; and that she also had used the name of Bee Miller.

In answering questions asked in the course of the preliminary hearing, she stated that she was not "sporting" in Vancouver, B. C., before she sought entry to this coun-

try; nor had she been "sporting" during the time she resided in Portland, Or.; but, before arriving in Aberdeen, she had been "sporting" at a certain place in Seattle, conducted by a woman named May, whose surname she did not know, and that while she was there May had no other girls; that at another time and place she was "sporting" in a house conducted by Celia Brown, who had only one other girl in the house besides appellant. There is other evidence in the record of like import.

The contention is made on her behalf that there is no evidence that she was practicing prostitution, except as that fact may be inferred from the use of the word "sporting," the dubious meaning of which it is not shown was understood by her. While the record is plain—and as plain as we care to have it—on the question of the appellant's occupation, it is evident that it was not made even plainer out of a laudable consideration for her feelings. The evidence shows clearly that she understood what was meant by the term "sporting," as used in the questions put to her in her examination by the immigration inspector. Certain it is that she did not, by her answers, intend to convey the idea that while she was "sporting" in the houses referred to, under assumed names, she was engaged in a lawful occupation.

[2] It is admitted by appellant that in the vocabulary of the underworld the expression "sporting woman" means a prostitute. Courts will take judicial notice of the meaning of words and idioms which have acquired a special significance, although such departure from correct usage be confined to particular classes of society. The words here in question were not drawing room terms, and are neither found in the statutes nor dictionaries; but, judging from the familiarity with which appellant used them, they must have imparted quite a definite notion of what she had done. She was under no misapprehension whatever as to their meaning. 2 Moore on Facts, 1395; State v. Fowler, 13 Idaho, 317, 89 P. 757, and cases cited.

[3] At the hearing appellant set up the claim that she was a citizen of Canada, but the record fails to establish this contention, and moreover discloses that the Canadian authorities have formally stated that she has no legal status in that country, refusing to grant permission that she be returned thereto. It also shows that she is a citizen or subject of Iceland. Section 20 of the Immigration Act of February 5, 1917 (Comp. St. § 4289¼k), vests the Secretary of Labor with the right to deport aliens unlawfully within the United States to the country whence they came, or to the foreign port at which they embarked for the United States or for foreign contiguous territory. Hence, while it may seem severe under all the circumstances to return her to her native country, still it is clear that the Secretary has no alternative, and has therefore committed no abuse of discretion in directing appellant to be returned to Iceland. Lazzaro v. Weedin (C. C. A.) 4 F.(2d) 704.

The order is affirmed.