(January 3, 1899.)

## STATE v. ANTHONY.

[55 Pac. 884.]

RAPE—INSUFFICIENCY OF EVIDENCE.—Where improper and prejudicial evidence is introduced by the state, a judgment against the defendant must be set aside, and the cause remanded.

SAME—SUBSTANTIAL CONFLICT IN EVIDENCE.—Where there is a substantial conflict in the material evidence, and there has been improper and prejudicial evidence introduced by the state, this court will not undertake to determine whether the conflicting evidence is sufficient to establish the guilt of the defendant beyond a reasonable doubt.

CROSS-EXAMINATION OF DEFENDANT.—Under the provisions of section 6082 of the Revised Statutes, after the examination of a witness has been concluded, on both sides, the witness may be recalled by leave of court, for further examination.

IMPEACHMENT.—Under the facts of this case, it was error to compel the defendant to answer questions concerning an alleged attempt to debauch a child, which matter was not connected in the remotest degree with the crime for which the defendant was being tried.

SAME.—The credibility of a witness may be impeached by proof that he has made statements relevant to the issues out of court, contrary to what he has testified to on the trial.

SAME.—Under the provisions of section 6082 of the Revised Statutes, a witness may be impeached: 1. By contradictory evidence; 2. By evidence that his general reputation for truth, honesty or integrity is bad; but cannot be impeached by evidence of particular wrongful acts, except that it may be shown by the examination of the witness, or the record of the judgment, that the witness has been convicted of a felony.

INSTRUCTIONS—REASONABLE DOUBT.—It was not error for the court to refuse to instruct the jury, that however slight the "reasonable doubt" might be if fairly based on the evidence, the defendant must be acquitted.

(Syllabus by the court.)

APPEAL from District Court, Cassia County.

Hawley & Puckett, for Appellant.

It is the universal rule that where the defendant denies the act, the alleged injured party must be corroborated. (*Matthews v. State,* 19 Neb. 330, 27 N. W. 234; *Gazley v. State,* 17 Tex. App. 267; *People v. Tierney,* 67 Cal. 54, 7 Pac. 37; *State v. Cook,* 65 Iowa, 560, 22 N. W. 675; *Carney v. State,* 118 Ind. 525, 21 N. E. 48.) Rebutting evidence has been defined by the supreme court of Idaho as that "which is given to explain, repel, counteract or disprove testimony or facts given in evidence by the adverse party. (*People v. Page,* 1 Idaho, 189.) The rule is well settled that in rebuttal in criminal cases the prosecution is restricted to evidence controverting the facts proven by the defendant. (3 Rice on Evidence, 326 et seq., and authorities cited; *Ford v. Niles,* 1 Hill, 301.) Evidence of other crimes will not be admitted upon the trial of a defendant upon a criminal charge. (3 Rice on Evidence, 207, 208; *State v. Lapage,* 57 N. H. 245, 24 Am. Rep. 69, and authorities cited; *Dunn v. State,* 2 Ark. 229, 35 Am. Dec. 54; *Shaffner v. Commonwealth,* 72 Pa. St. 60, 13 Am. Rep. 649; *People v. Sharp,* 107 N. Y. 427, 1 Am. St. Rep. 858, 14 N. E. 319; *Commonwealth v. Campbell,* 1 Allen, 541; *People v. Fultz,* 109 Cal. 258, 41 Pac. 1040.) When several felonies are connected together, so as to form one entire transaction, the one is evidence to show the character of the other. (Roscoe's Criminal Evidence, 86; 3 Rice on Evidence, 208, and authorities cited; *People v. Lane,* 100 Cal. 379, 34 Pac. 856.) But it is never

competent in a criminal trial to show that defendant was guilty
of an independent crime not connected with or leading up to
the crime for which he is on trial, except for the purpose of
showing motive, interest or guilty knowledge. (3 Rice on Evi-
dence, 209; *People v. Greenwall,* 108 N. Y. 301, 2 Am. St. Rep.
415, 15 N. E. 404; *People v. Walters,* 98 Cal. 138, 32 Pac.
864.) And wherever there is doubt as to the admissibility
of the evidence, the doubt should be resolved in favor of the
defendant, as such evidence, from its very nature, is preju-
dicial in its character. (3 Rice on Evidence, 209; *Shaffner v.
Commonwealth,* 72 Pa. St. 60, 13 Am. Rep. 649.) But the
prosecution cannot show in evidence the commission of other
offenses for the purpose of increasing the likelihood of his
having committed the particular crime charged. (*People v.
Jones,* 31 Cal. 565; *People v. Hartman,* 62 Cal. 562; *People v.
McNutt,* 54 Cal. 116; *People v. Scott,* 74 Cal. 94, 15 Pac. 384;
*People v. Jones,* 32 Cal. 80; *People v. O'Brien,* 96 Cal. 171,
31 Pac. 45; *Roper v. Territory,* 7 N. Mex. 255, 33 Pac. 1014;
*State v. Bonsor,* 49 Kan. 758, 31 Pac. 736; *Shaffner v. Com-
monwealth,* 72 Pa. St. 60, 13 Am. Rep. 649; *Farris v. People,*
129 Ill. 129, 16 Am. St. Rep. 283, 21 N. E. 821; *State v. Ster-
rett,* 71 Iowa, 386, 32 N. W. 387.) Guilt cannot be shown nor
can the weight of evidence be increased by showing that de-
fendant has committed other offenses. (*People v. Tucker,* 104
Cal. 440, 38 Pac. 195; *People v. Smith,* 106 Cal. 73, 39 Pac.
40.)

R. E. McFarland, Attorney General, and E. J. Dockery, for
the State.

For the purposes of this case, it may be admitted that cor-
roborating evidence is necessary to convict, for we have here
very complete and the strongest kind of corroborating evidence
of guilt, and the cases cited by appellant in support of that
rule need not be here examined or questioned, although au-
thorities are numerous where convictions have been sustained
which were founded on the uncorroborated evidence of a girl be-
low ten years. (Bishop's New Criminal Procedure, 968, subd.
2; *State v. Lattin,* 29 Conn. 389; *Anonymous,* 1 Russell on
Crimes, 3d Eng. ed., 696, and note.) The extent to which

cross-examination may be carried is a matter resting in the sound discretion of the trial court. (Jones on Evidence, 837, 842, and cases cited in note 18; *Lewis v. Steiger*, 68 Cal. 200, 8 Pac. 884; *Davis v. Roby*, 64 Me. 427; *State v. Roberts*, 81 N. C. 65; *Ballard v. Lambert*, 40 Ala. 204; 1 Greenleaf on Evidence, sec. 462; 2 Taylor on Evidence, sec. 1451.) If charge is adultery, the accused may be asked if he has not committed the offense with the person named in the indictment at other times. (Jones on Evidence, sec. 845; *Commonwealth v. Nichols*, 114 Mass. 285, 19 Am. Rep. 346.) Where the action was for indecent assault counsel were allowed to ask the defendant whether he had before been arrested for a similar offense and whether he had paid money in settlement of such former charge. (Jones on Evidence, sec. 842; *Leland v. Kauth*, 47 Mich. 508, 11 N. W. 292; *State v. Martin*, 124 Mo. 514, 28 S. W. 12.) In various later decisions the wholesome rule has been adopted that a witness may be questioned specially on any vicious or criminal act of his life, and compelled to answer unless he claims his privilege. (*People v. Webster*, 139 N. Y. 73, 34 N. E. 730; *State v. Hack*, 118 Mo. 92, 23 S. W. 1089; *State ·v. Pratt*, 121 Mo. 566, 26 S. W. 556; *Carrol v. State*, 32 Tex. Cr. Rep. 431, 40 Am. St. Rep. 786, 24 S. W. 100; *People v. Harrison*, 93 Mich. 594, 53 N. W. 725; *Roberts v. Commonwealth*, 94 Ky. 499, 22 S. W. 845.) It is a general rule that when a party becomes a witness the same rules of cross-examination apply to him as to other witnesses. (*Clark v. Reese*, 35 Cal. 89; *Howland v. Jenks*, 7 Wis. 57; *State v. Merriman*, 34 S. C. 16, 12 S. E. 619.) And even greater liberty in such cases may be allowed in cross-examination on matters not mentioned in direct examination. (*Knapp v. Schuerder*, 24 Wis. 70; *Morris v. Cargill*, 57 Wis. 251, 15 N. W., 148; *State v. Bulla*, 89 Mo. 595, 1 S. W. 764; *Este v. Wilshire*, 44 Ohio St. 636, 10 N. E. 677; *Commonwealth v. Price*, 10 Gray, 472, 71 Am. Dec. 668, and note; *Sharp v. Hoffman*, 79 Cal. 404, 21 Pac. 846; *State v. Ober*, 52 N. H. 459, 13 Am. Rep. 88; *Commonwealth v. Nichols*, 114 Mass. 285, 19 Am. Rep. 346; *Commonwealth v. Smith*, 163 Mass. 411, 40 N. E. 189; *Raines v. State*, 88 Ala. 91, 7 South. 315; *Peck v. State*, 86 Tenn. 259, 6 S. W. 389; *Connors v. People*, 50 N. Y. 240.)

A prior purpose to ravish the same woman, or perhaps any other, as indicated by threats or other evidence, may be shown. (*Wood v. State,* 28 Tex. App. 61, 12 S. W. 405; *Barnes v. State,* 88 Ala. 204, 16 Am. St. Rep. 48, 7 South. 38; *Massey v. State,* 31 Tex. Cr. Rep. 371, 20 S. W. 758; *Sharp v. State,* 15 Tex. App. 171.)

SULLIVAN, C. J.—The defendant was convicted of the crime of rape, alleged to have been committed upon a girl ten years of age, and sentenced to a term of twenty-five years' imprisonment. This appeal is from the judgment and the order overruling a motion for a new trial. The errors assigned go to the insufficiency of the evidence to sustain the verdict, and in compelling the defendant to testify in regard to an alleged criminal assault on a young girl by name of Marshall, alleged to have occurred in 1895, and in allowing witness Alfred Marshall to testify in regard to said alleged criminal assault.

As to the insufficiency of the evidence to sustain the verdict: We have made a careful examination of the evidence, and no good can result from an analysis of it here. Had the jury found the defendant guilty upon the legal evidence found in the transcript, this court would not be inclined to disturb the verdict; but as improper evidence was introduced, over the objection of the defendant, we are unable to determine what the verdict of the jury would have been if the improper evidence had not been introduced. Whether the legal evidence introduced on the trial was sufficient to establish the guilt of the defendant beyond a reasonable doubt is a question, in the first instance at least, for the jury, as there is a material conflict therein.

At the conclusion of the evidence for the defense, and after the defense had rested, the defendant, over his objection, was recalled by the prosecution for further cross-examination, and this is urged as error. Section 6081 of the Revised Statutes, provides, *inter alia,* that, after the examinations on both sides are concluded, the witness cannot be recalled without leave of court, and leave is granted or withheld in the sound discretion of the court. Upon a proper showing, the court, exercising a sound discretion, may permit the recall of a witness for further

examination. In this case the witness was recalled for further cross-examination, after defendant had rested. And section 6079 of the Revised Statutes, as amended by Laws of 1889 (15th Sess.) page 1, provides that "the opposite party may cross-examine the witness as to any facts stated in his direct examination or connected therewith, and, in so doing, may put leading questions. The cross-examination is confined to the facts stated by the witness in his direct examination, or connected therewith. The pretended cross-examination did not relate to any facts stated by the witness in his direct examination, or connected therewith. The testimony of the defendant in his direct examination was confined to the crime for which he was being tried, and the pretended cross-examination related wholly to an alleged occurrence between the defendant and the Marshall girl, in the year 1895, and not connected with the crime for which defendant was being tried in the remotest degree.

But it is contended by counsel for the state that said cross-examination was not "for the purpose of increasing the likelihood of defendant having committed the offense with which he was charged," but was for the purpose of testing defendant's credibility, and for impeachment. The credibility of a witness may be impeached by proof that he has made statements out of court contrary to what he testified to at the trial; but that is confined to such matters as are relevant to the issues. (1 Greenleaf on Evidence, 13th ed., sec. 462.) Section 6082 of the Revised Statutes, provides how a witness may be impeached (1) by contradictory evidence, or (2) by evidence that his general reputation for truth, honesty, or integrity is bad. That section also provides that a witness cannot be impeached by evidence of particular wrongful acts, except that it may be shown by the examination of the witness, or the record of the judgment, that the witness had been convicted of a felony. In this case the district attorney undertook by cross-examination to show that the defendant attempted to debauch a child, about one year prior to his conviction in this action. The defendant denied the charge, and the district attorney then put on the witness, Alfred Marshall, who testified that he caught the defendant in a compromising position with the child above referred

to. In other words, an attempt was made to discredit and impeach the defendant by contradicting him in regard to a particular wrongful act, that had not the remotest connection with the crime of which the defendant stood charged and was convicted. An attempt was made to discredit the defendant on a matter entirely irrelevant to the issue then being tried. That was not permissible. It is said in section 463 of 1 Greenleaf on Evidence, thirteenth edition: "But it is only in such nature as are relevant to the issue that the witness can be contradicted." Evidence of a particular wrongful act cannot be introduced to impeach a witness, "except that it may be shown by the examination of the witness or the record of the judgment that he had been convicted of a felony." (See Rev. Stats., sec. 6082, *supra.*) It is not claimed that the defendant had been convicted of the alleged wrongful act of defendant with the Marshall girl. In fact, the record shows that he had not been. That provision of said section of the Revised Statutes prohibits the impeachment of a witness by evidence of a wrongful act, unless such act was a felony, and the witness had been convicted thereof.

Counsel for the state cite authorities which are claimed to sustain their contention on the point under consideration. We shall not attempt to review them here; for, if they sustain respondent's contention, they must be under statutes different from our section 6082 of the Revised Statutes. *State v. Mc-Guire,* 87 Mo. 642, is cited. It holds that, if a defendant goes on the stand as a witness, he may be impeached by the record of former conviction of grand larceny, and supports the conclusion reached in this opinion. Nothing could have been more prejudicial to the defendant than the testimony under consideration. The court having admitted it as competent evidence, its prejudicial effect on the minds of the jurors could not have been removed by an instruction of the court attempting to confine its effect to discrediting the testimony of the defendant. After a most careful examination of the evidence, we are not prepared to say that the defendant would have been convicted had not the court erred in admitting the evidence in regard to the Marshall girl.

It is urged by counsel for the state that it would be difficult to find a case more revolting than this, and well-nigh impossible

to find a subject who belonged to a lower stratum of humanity than the defendant, and that society ought to be protected from defendant, and from the demoralizing and corrupting effects of a retrial of this case. The defendant is presumed to be innocent until he is proven guilty according to the established rules of law. And, if one is convicted in violation of these rules, his conviction is illegal, and on proper application will be set aside. The law is sufficient to protect society. If it is not, the remedy is in the hands of the law-making power. Under our criminal laws, no judgment of conviction can be set aside because of any technical errors or defects which do not affect the substantial rights of the defendant. But, when errors are made that do affect the substantial rights of a defendant (as was done in this case), the judgment must be set aside, and a new trial granted. It was prejudicial error to compel the defendant to testify in regard to the alleged occurrence with the Marshall child, and prejudicial error to admit any evidence whatever in regard thereto.

The court struck from an instruction asked by the defendant the sentence, "And no mater how slight that doubt may be, as long as it is reasonable, and based fairly upon the evidence, you should acquit," which is assigned as error. The court was asked by that instruction to define or gauge the degree to which a jury must be convinced in order to justify a verdict of guilty. We know of no formula to which a court may resort for that purpose, and we think all attempts to establish such have resulted in failure. (Wells on Law and Fact, sec. 579.) There was no error in striking from the instruction the above-quoted sentence.

As the case must be sent back for further proceedings, we will call attention to the fact that, as the person upon whom the alleged rape was committed is shown to have been ten years of age, she was incapable of consenting to the act; so any evidence of the character or reputation or acts of the girl showing want of chastity is wholly irrelevant and immaterial, and should not have been admitted. The judgment is reversed, and the cause remanded for further proceedings in accordance with the views expressed herein.

Huston and Quarles, JJ., concur.