(March 11, 1911.)

STATE, Respondent, v. WILLIAM MARTIN HENDER-
SON, Appellant.

[114 Pac. 30.]

STATUTORY RAPE—SUBSEQUENT ACTS—EVIDENCE—BIRTH OF CHILD—
COLOR OF HAIR — FEATURES OF CHILD — UNCHASTITY OF PROS-
ECUTRIX—SUFFICIENCY OF EVIDENCE.

(Syllabus by the court.)

1. Where a defendant is prosecuted for the crime of statutory rape, the existence of the sexual passion in the defendant for the prosecutrix may be shown by acts of intercourse with the prosecutrix subsequent to the date of the act for which the defendant is prosecuted, as corroborative evidence of the principal facts sought to be established.

2. Evidence that the prosecutrix gave birth to a child' which might have been begotten at about the date of the offense charged is admissible to corroborate the prosecutrix.

3. *Held,* that it was not error to refuse to permit the defendant upon cross-examination to prove the color of the child's hair, as that was not a material fact or circumstance in the case and would not throw any light on the issue as to whether the defendant did commit the crime of rape, as the paternity of the child was not in issue.

4. Where certain evidence is offered by the defendant to show that the prosecutrix had the opportunity of having sexual intercourse with another, and evidence is offered that the child had dark, kinky hair, dark eyes and dark complexion, thus resembling the one with whom it was claimed she had opportunity to have such intercourse, the rejection of such evidence *held* not error.

5. Certain evidence offered by the defendant and rejected by the court as to certain physical peculiarities of said child, and offered

for the purpose of discrediting the prosecutrix and to show acts of unchastity, *held* not admissible.

6.   The unchaste conduct of a girl under the age of consent is no defense for the one whc committed rape upon her.

7.   The evidence *held* sufficient to sustain the verdict.

APPEAL from the District Court of the Fifth Judicial District, for the County of Oneida.   Hon. Alfred Budge, Judge.

Prosecution and conviction for statutory rape.   Judgment *affirmed.*

George E. Gray, for Appellant.

Acts of sexual intercourse occurring subsequent to one charged in the indictment and relied on for conviction should not be considered by the jury, either in corroboration of the main offense charged or for any other purpose, as proof of subsequent offenses have no tendency to prove that previous thereto the defendant had probably committed the crime charged against him.   (*Cecil v. Territory,* 16 Okl. 197, 82 Pac. 654, 8 Ann. Cas. 457; *State v. Palmberg,* 199 Mo. 233, 116 Am. St. 481, 97 S. W. 566.)

The defendant, where separate acts of intercourse were sworn to by the prosecutrix, should not be called upon to defend himself against each of these separate acts of intercourse extending through a period of several months; the information charged only one act, and upon that election the case must stand or fall.   (*People v. Castro,* 133 Cal. 11, 65 Pac. 13; *Smith v. State,* 44 Tex. Cr. 137, 100 Am. St. 849, 68 S. W. 995; *State v. Hilberg,* 22 Utah, 27, 61 Pac. 215; *State v. Neel,* 23 Utah, 541, 65 Pac. 494; *People v. Flaherty,* 162 N. Y. 532, 57 N. E. 75; *State v. Lancaster,* 10 Ida. 415, 78 Pac. 1081; *People v. Clark,* 33 Mich. 112; *People v. Fowler,* 104 Mich. 449, 62 N. W. 572; *Pope v. State,* 137 Ala. 56, 34 So. 840; *Ball v. State* (Tex. Crim. App.), 72 S. W. 384; *People v. Robertson,* 88 App. Div. 198, 84 N. Y. Supp. 401.)

Argument for Respondent.

The admitted conduct of the prosecutrix is inconsistent with her story.

She had every opportunity to impart her knowledge of her condition to the defendant, and did not do so, which should brand her story as a fabrication. (*State v. Baker,* 6 Ida. 496, 56 Pac. 81; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *People v. Tarbox,* 115 Cal. 57, 46 Pac. 896; *People v. Hulse,* 3 Hill (N. Y.), 309.)

D. C. McDougall, Atty. Gen., J. H. Peterson and O. M. Van Duyn, Assistants, for Respondent.

The great weight of authority in cases involving statutory rape, where the element of force need not be shown, is to the effect that such intercourse may be shown to have taken place both before and after the date alleged. (1 Wigmore on Evidence, sec. 398; 1 Greenleaf, Evidence, 13th ed., secs. 53, 451, and 454; *State v. Bridgman,* 49 Vt. 202, 24 Am Rep. 124; *Thayer v. Thayer,* 101 Mass. 111, 100 Am. Dec. 110; *Commonwealth v. Nichols,* 114 Mass. 285, 19 Am. Rep. 346; Wharton, Crim. Law, 8th ed., sec. 1733; Bishop Statutory Crimes, sec. 682.)

The court did not err in permitting the prosecuting witness to testify that she was confined on the 14th day of September 1909, such circumstances being corroborative of her story. (10 Ency. of Evidence, 599; *Woodruff v. State,* 72 Neb. 815, 101 N. W. 1114; *People v. Flaherty,* 27 App. Div. 535, 50 N. Y. Supp. 574, 581; *State v. Robinson,* 32 Or. 43, 48 Pac. 357; *State v. Neel,* 23 Utah, 541, 65 Pac. 494; *State v. Walke,* 69 Kan. 183, 76 Pac. 408; *State v. Danforth,* 73 N. H. 215, 111 Am. St. 600, 60 Atl. 839, 6 Ann. Cas. 557; Underwood, Crim. Ev., p. 693, and cases cited; 33 Cyc. 1476.)

The defendant tried to introduce evidence of particular acts of unchastity, to discredit and impeach the prosecutrix, which under our decisions is not permissible. (*State v. Anthony,* 6 Ida. 383, 55 Pac. 884; *State v. Lancaster,* 10 Ida. 410, 78 Pac. 1081; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; 5 Am. & Eng. Ency. Law, 878.)

SULLIVAN, J.—The defendant was convicted of the crime of statutory rape and was sentenced to serve a term of five years in the state penitentiary. A motion for a new trial was denied, and this appeal is from both the judgment and order denying the new trial.

It is alleged in the information that the crime was committed on the 6th day of December, 1908. During the progress of the trial, over the objection of counsel for the defendant, the complaining witness was permitted to testify that the defendant had had sexual intercourse with her a number of times subsequent to the said 6th day of December. The action of the court in admitting such testimony is assigned as error.

It appears from the record that the complaining witness gave birth to a child on the 14th day of September, 1909, she being at that time a minor and not capable of consenting to the act complained of, under the laws of this state. There is a clear distinction in many of the cases where the prosecutrix is under the age of consent and where she is not. However, the great weight of authority in cases involving statutory rape, where the element of force need not be shown, is to the effect that such intercourse may be shown to have taken place both before and after the date alleged.

Referring to the rule applicable to statutory rape where the element of force need not be shown, in 1 Wigmore on Evidence, sec. 398, the author says:

"The prior or subsequent existence of a sexual passion in A for B is relevant, on the same principle and to the same extent as in the foregoing topics, to show its existence at the time in issue. The circumstance that the prior or subsequent conduct exhibiting the passion is criminal does not alter the case nor affect the admissibility of the evidence."

The author then proceeds to the discussion of the rule and distinguishes between cases of rape when the element of force is a necessary element and also refers to other cases where the intercourse is had without force and with the consent of the female. This rule is not applied in rape cases where

force is a necessary element. In subd. 3 of sec. 402 of the same volume, the author points out the distinction between the two crimes, and declares the rule therein announced to have been uniformly held to apply to statutory rape.

As bearing upon this question, see 1 Greenleaf on Evidence, 13th ed., sec. 454; *State v. Bridgman,* 49 Vt. 202, 24 Am. Rep. 124; *Thayer v. Thayer,* 101 Mass. 111, 100 Am. Dec. 110; *Commonwealth v. Nichols,* 114 Mass. 285, 19 Am. Rep. 346; Wharton on Criminal Law, 8th ed., sec. 1733; Bishop, Statutory Crimes, sec. 682.

It is next argued by counsel for appellant that the court erred in permitting the prosecuting witness to testify that she was delivered of a child on September 14, 1909. The purpose of this testimony was to corroborate the story of the prosecutrix that approximately nine months had elapsed between the date when the crime was committed and the birth of the child, which fact would prove that at about the time alleged someone committed rape upon her. It was not error for the court to admit that evidence. The rule in regard thereto is well stated in vol. 10 of Ency. of Evidence, p. 599, as follows:

"Where the prosecutrix is under the age of consent, evidence that she gave birth to a child, which might have been begotten at about the date of the offense charged, is admissible, and the child itself may be exhibited to corroborate such evidence, but not to prove its resemblance to the defendant, though as to the latter proposition, the contrary has been held."

In the case of *State v. Neel,* 23 Utah, 541, 65 Pac. 494, the defendant was charged with rape on a girl under the age of consent. She had testified that she had given birth to a child and that defendant was its father. The child was exhibited to the jury as evidence, against the objection of the defendant, and the court held that it was competent in corroboration of the testimony of the prosecution to bring the child into court and to prove its birth and to identify it as a result of the illicit intercourse, but that it was not competent to produce the child for the purpose of compar-

ing its features with those of the defendant to show a resemblance.

In the case of *State v. Danforth*, 73 N. H. 215, 111 Am. St. 600, 60 Atl. 839, the court said:

"The birth of the child conclusively established a prior act of intercourse. The fact was relevant upon the issue tried. The state could not be confined to proof by oral testimony and excluded from presenting the child to the jury as evidence tending to establish the fact of birth and prior unlawful intercourse. It was the right of the state to prove its case by competent evidence from all sources. There was no error in exhibiting the child to the jury."

In Underhill on Criminal Evidence, p. 693, the author says:

"The birth of a child to the prosecuting witness on such a date as it would occur in the course of nature, assuming that she had had sexual intercourse with the accused at the date mentioned, is always relevant." (See, also, 33 Cyc. 1476.)

Counsel next contends that it was error for the court to refuse to permit him to prove on cross-examination the color of the child's hair. The color of the child's hair was not a material circumstance in the case, as that would have thrown no light whatever on the issue before the court as to whether the defendant committed the crime of rape on the 6th day of December as charged. It would not even have thrown light on the paternity of the child, if that fact had been in issue, but the paternity of the child was not in issue.

It is also contended that the court erred in refusing to permit the defendant to prove on cross-examination of the prosecuting witness the following: "That she had been keeping company with one John Bowden, and that he went to see her at Orrin Howell's on the evening of December 20th, 1908, and remained with her until a late hour; that on December 23, 1908, he took her from Orrin Howell's house to his own house, and kept her there something like a week, and that during said time she was locked up with said John Bowden in a bedroom hours at a time; that the complain-

ing witness now on the stand is a blonde, with light hair and blue eyes; that the defendant, William M. Henderson, is light — a blonde with light blue eyes; that the child in question has dark, kinky hair, dark eyes and a dark complexion." It was not error for the court to exclude that evidence. Admitting that it might have been competent as rebuttal of the testimony of the prosecuting witness to show that she had had sexual intercourse as therein stated, the offer was so mixed with other clearly irrelevant and immaterial matter that the court was justified in excluding the whole offer. It was not competent for the defendant to pick out certain physical peculiarities of the child in question and present them to the jury and ask them to pass upon the paternity of the child. This and other evidence in regard to other illicit relations between John Bowden and the complaining witness was offered to discredit the testimony of the prosecutrix. That method of discrediting the prosecutrix is not permissible. Sec. 6082, Rev. Codes, provides how a witness may be impeached.

The defendant tried to introduce in evidence particular acts of unchastity to impeach the evidence of the prosecutrix, which, under the decisions of this court, is not permissible. (*State v. Anthony*, 6 Ida. 383, 55 Pac. 884; *State v. Anderson*, 6 Ida. 706, 59 Pac. 180; *State v. Lancaster*, 10 Ida. 410, 78 Pac. 1081.)

The rule is clearly stated in 5 Am. & Eng. Ency. of Law, p. 878, as follows:

"The great weight of authority is to the effect that the bad character for chastity of the prosecutrix in a prosecution for rape cannot be shown by introducing evidence of particular acts of unchaste conduct with a person or persons other than the defendant."

The evidence offered only tended to show that the prosecutrix had an opportunity to commit illicit acts with others. That is not sufficient in cases of this kind. The legislature has endeavored to protect girls under the age of eighteen years from conscienceless men, as far as possible, and courts have held, as a further protection to such girls, that their

chastity at the time intercourse was alleged to have taken place cannot be shown in prosecutions for statutory rape. A defendant will not be heard to say that a girl under the age of consent was unchaste at the time he violated her, and this is exactly what the defendant in the case at bar tried to do; for it is as much a crime to have sexual intercourse with an unchaste female under the age of consent as with a chaste one.

The insufficiency of the evidence to justify the verdict is assigned as error. After a careful examination of the evidence, we are satisfied that it is sufficient to support the verdict and that there is no merit in that contention.

It is contended the evidence shows that the prosecutrix had met defendant a great many times between the date of the act complained of and the time she informed him of her condition, which was August 10, 1909, and the fact that she had the opportunity to impart such knowledge to him for so great a length of time and not having done so, should brand her story as a fabrication conjured up months later to serve her purpose. We think this argument is sufficiently met by the testimony of the prosecutrix herself. Being questioned about this, she said: "I intended to tell him all the time, but kept putting it off, and dreaded to."

We are unable to find any reversible error in the record. The judgment must therefore be *affirmed,* and it is so ordered.

Ailshie, Presiding J., concurs.