(October 22, 1921.)

## STATE, Appellant, v. A. M. FARMER, Respondent.

[201 Pac. 33.]

STATUTORY RAPE—IMPEACHMENT OF WITNESS—EVIDENCE OF PARTICULAR ACTS—DISCRETION OF COURT ON MOTION FOR NEW TRIAL.

1. C. S., secs. 8038 and 8039, prescribe the character of evidence and the method to be followed in impeaching a witness, and in order to discredit a witness in this manner the requirements of the statute must be conformed to.

2. In a prosecution for the crime of rape of a female under the age of consent, evidence of particular acts of unchastity on the part of the prosecutrix, sought to be introduced for the purpose of discrediting and impeaching her, is not admissible.

3. The granting or refusing to grant a new trial rests largely in the discretion of a trial court, and in the absence of a clear abuse of such discretion an order granting a new trial will not be set aside on appeal.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Respondent was convicted of statutory rape. Order granting a new trial, *affirmed*.

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Appellant.

Evidence offered for the purpose of discrediting a prosecutrix to show acts of unchastity is not admissible. (*State*

Publisher's Note.

2. On right of accused to show unchastity of prosecutrix in statutory rape, see note in 48 L. R. A., N. S., 269.

*v. Henderson,* 19 Ida. 524, 114 Pac. 30; *State v. Anthony,* 6 Ida. 383, 55 Pac. 884; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Lancaster,* 10 Ida. 410, 78 Pac. 1081.)

Where there is substantial evidence to support the verdict of conviction the trial court commits error in granting a new trial. (*People v. Mallicoat,* 27 Cal. App. 355, 149 Pac. 1000; 16 C. J. 1119, par. 2620.)

G. F. Hansbrough, John W. Jones and Thomas & Anderson, for Respondent.

In a prosecution for statutory rape, where it is shown by the prosecution that a child was born to the prosecutrix and prosecutrix swears she never had sexual intercourse with any person other than the defendant, the defendant may introduce proof of familiarity and sexual intercourse of the prosecutrix with other persons, and it is error for the court to exclude such proof. (*People v. Currie,* 14 Cal. App. 67, 111 Pac. 108; *People v. Davenport,* 13 Cal. App. 632, 110 Pac. 318; *People v. Kilfoil,* 27 Cal. App. 29, 148 Pac. 812; *Eckhart v. Peterson,* 94 Wash. 379, 162 Pac. 551; *State v. McCool,* 53 Wash. 486, 132 Am. St. 1089, 102 Pac. 422; *State v. Bebb,* 125 Iowa, 494, 101 N. W. 189; *State v. Height,* 117 Iowa, 650, 94 Am. St. 335, 91 N. W. 935, 59 L. R. A. 437; *People v. Flaherty,* 79 Hun, 48, 29 N. Y. Supp. 643; *People v. Betsinger,* 58 Hun, 606, 11 N. Y. Supp. 916; *State v. Apley,* 25 N. D. 298, 141 N. W. 740, 48 L. R. A., N. S., 269; *Bader v. State,* 57 Tex. Crim. 293, 122 S. W. 555; 23 Am. & Eng. Ency. of Law, 2d ed. 872; *State v. Henderson,* 19 Ida. 524, 114 Pac. 30.)

The granting or refusal to grant a new trial is largely in the discretion of the trial court, and its decision is final. (*People v. Ah Hop,* 1 Ida. 698–703.)

BUDGE, J.—Respondent was convicted of the crime commonly designated as statutory rape. This appeal is by the state from an order granting a new trial.

From the record it appears, *inter alia,* that the prosecutrix was a young girl, fourteen years of age; that she lived

with her parents at Blackfoot, Bingham County, Idaho;
that respondent was her uncle by marriage; that this uncle
did janitor work in the land office and a Mr. Jones' office
in Blackfoot, Idaho; that on the morning of July 2, 1916,
the prosecutrix accompanied respondent to the offices herein-
before mentioned; that the assault is alleged to have been
committed on the second day of July, 1916, in the land
office; that a child was born to the prosecutrix as a result
of said assault on the twenty-fourth day of March, 1917;
that on the sixth day of May, 1918, upon application of the
respondent, a new trial was granted. On the twenty-ninth
day of June, 1918, counsel for the state petitioned the court
for an order specifying the grounds for the granting of the
new trial, and on the same day the court made a supple-
mental order, setting forth the reasons for the granting of
said application, which are briefly stated as follows: That
the court erred in excluding certain offers of evidence made
on behalf of the respondent to the effect that during the
month of June, 1916, between the fifteenth and twenty-ninth
days of said month, respondent saw the prosecuting witness
and one Jess Jones in a compromising position in the home
of the prosecutrix; that during the month of June, 1916,
respondent had a conversation with the prosecutrix with ref-
erence to her improper relations with Jones, in which con-
versation the prosecuting witness stated that she had had
improper, illicit relations with said Jones; that respondent
offered to prove further by his wife, Harriet Farmer, that
during the spring and summer of 1916 the prosecutrix and
one of her brothers slept together in the same bed and room;
second, that the evidence was insufficient to support the ver-
dict of the jury.

It is the contention of the state that the court erred in
granting respondent's application for a new trial, for the
reason that error cannot be predicated upon the exclusion
of evidence tending to show that someone other than the
defendant in a prosecution for statutory rape may have been
the father of the child of the prosecutrix, and that the evi-

dence was sufficient to support the verdict in that it substantially established that the prosecutrix was a female of the age of fourteen years, that the defendant was not her husband, and that he had had unlawful sexual intercourse with her.

The court did not err in sustaining the objection to the offer of proof that the prosecutrix was seen by respondent in a compromising position with Jones. Neither did the court err in excluding the offer of proof that during the spring and summer of 1916 the prosecutrix and one of her brothers slept in the same room and bed. At most, if this evidence tended to prove anything, it was that the prosecutrix had an opportunity to commit illicit acts with persons other than the respondent. (*State v. Henderson*, 19 Ida. 524, 114 Pac. 30.)

No proper foundation was laid for the introduction of the alleged conversation had with respondent wherein the prosecutrix stated in effect that she had had illicit relations with Jess Jones, and the action of the court in excluding this evidence was proper. C. S., secs. 8038 and 8039, provide how a witness may be impeached. Moreover, a witness may not be impeached upon any immaterial matter.

The rule is well established in this jurisdiction that evidence of particular acts of unchastity of a female under the age of consent, to discredit and impeach the prosecutrix, is not admissible. (C. S., sec. 8038; *State v. Anthony*, 6 Ida. 383, 55 Pac. 884; *State v. Anderson*, 6 Ida. 706, 59 Pac. 180; 5 Am. & Eng. Ency. of Law, 878; *State v. Lancaster*, 10 Ida. 410, 78 Pac. 1081; *State v. Henderson, supra; State v. Pettit*, 33 Ida. 326, 193 Pac. 1015.)

With respect to the insufficiency of the evidence to support the verdict, the record discloses a sharp conflict in the testimony. The trial court was in a position to observe the witnesses while upon the stand, their conduct and demeanor while testifying, and was therefore in a far better position than this court to pass upon the sufficiency of the evidence and determine whether in the interest of justice a new trial

should be granted. The granting or refusing to grant a new trial rests largely in the discretion of the trial court, and in the absence of a clear abuse of such discretion this court will not set aside an order granting a new trial. (*State v. Barber,* 15 Ida. 96, 96 Pac. 116; *State v. Driskell,* 12 Ida. 245, 85 Pac. 499.)

From what has been said it follows that the order granting a new trial should be affirmed, and it is so ordered.

Rice, C. J., and Dunn and Lee, JJ., concur.

McCarthy, J., concurs in the conclusion reached.