(August 4, 1922.)

## STATE, Respondent, v. EVERETT BLACK, Appellant.

[208 Pac. 851.]

RAPE—MINOR FEMALE—EVIDENCE—COMPLAINT OF PROSECUTRIX — PER-
MITTING INTRODUCTION OF OTHER EVIDENCE SUBJECT TO SAME
OBJECTION—HARMLESS ERROR—EVIDENCE OF FAMILIARITY OF PROS-
ECUTRIX WITH OTHER MEN—WITNESS—IMPEACHMENT — INSTRUC-
TIONS — REASONABLE DOUBT — REQUEST COVERED BY INSTRUCTIONS
GIVEN—NEW TRIAL—BILL OF EXCEPTIONS—CORPUS DELICTI—CIR-
CUMSTANTIAL EVIDENCE—NEWLY DISCOVERED EVIDENCE—CUMULA-
TIVE EVIDENCE.

1. In a prosecution for rape, the state may prove by the
prosecutrix and other witnesses that she made complaint soon after
the commission of the alleged act, but details of the conversation
and the name of the person accused by her may not be given
by the witness.

2. Error in overruling an objection to the admission of evi-
dence is harmless, where the same matter sought to be elicited by
the question is subsequently received in evidence without objection.

3. In a prosecution for rape of a female under the age of con-
sent evidence of acts of familiarity on the part of the prosecutrix
with men other than the defendant is not admissible for the pur-
pose of discrediting and impeaching her.

4. The method of impeaching a witness is governed exclusively
by C. S., sec. 8038.

5. A certain instruction in regard to the effect of impeaching
evidence *held* not reversible error.

6. An instruction is erroneous and properly refused which au-
thorizes an acquittal because of a reasonable doubt arising from
any particular fact in the case, or from any particular part of
the evidence, independent of other parts of the same, particularly
where the court has charged properly on reasonable doubt.

7. It is not error to refuse requested instructions if the sub-
stance of the same is covered by the instructions given.

8. In order for the supreme court to review an order refusing
to grant a new trial it is necessary that an exception be saved
and incorporated in a bill of exceptions.

9. The *corpus delicti* can be proved by circumstantial evidence.

10. A new trial will not be granted for newly discovered evidence which is purely cumulative, and this applies to criminal trials.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Prosecution for rape. Judgment of conviction. *Affirmed.*

Reed & Boughton, for Appellant.

·  · The court refused to permit defendant to show any acts of unchastity or the reputation for unchastity of the prosecuting witness. We believe this to be a substantial and reversible error in the case. (*State v. Pettit,* 33 Ida. 326, 193 Pac. 1015.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

An error in the admission of incompetent evidence is cured where the fact in respect of which such evidence was admitted is subsequently established by competent evidence. (17 C. J., sec. 3664, notes 47 and 53, p. 323.)

Particular acts of unchastity are not permissible to impeach the evidence of the prosecutrix. (*State v. Henderson,* 19 Ida. 524, 114 Pac. 30; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Lancaster,* 10 Ida. 410, 78 Pac. 1081; *State v. Pettit,* 33 Ida. 326, 193 Pac. 1015.)

A witness cannot be impeached by showing certain specific acts of misconduct. (*Labonte v. Davidson,* 31 Ida. 644, 175 Pac. 588; *Boeck v. Boeck,* 29 Ida. 639, 161 Pac. 576; *State v. Askew,* 32 Ida. 456, 184 Pac. 473; *State v. Pettit, supra;* *State v. Boyles,* 34 Ida. 283, 200 Pac. 125.)

An instruction is erroneous which authorizes an acquittal because of a reasonable doubt arising from any particular fact in the case. (16 C. J., sec. 2412, p. 998.)

It is not error to refuse requested instructions where the substance of the same is covered by instructions given by

the court on its own motion. (*State v. Curtis*, 29 Ida. 724, 161 Pac. 578; *State v. Nolan*, 31 Ida. 71, 169 Pac. 295; *State v. Petrogalli*, 34 Ida. 232, 200 Pac. 119.)

An instruction is erroneous which singles out a particular fact and suggests to the jury the effect which may be given to it. (*State v. Jones*, 28 Ida. 428, 154 Pac. 378; *State v. Rogers*, 30 Ida. 259, 163 Pac. 912; *State v. Pettit*, 33 Ida. 326, 193 Pac. 1015.)

McCARTHY, J.—Appellant was convicted of statutory rape committed on the person of Pansy Connor, a minor female. From the judgment of conviction and an order denying a motion for a new trial this appeal is taken. There are many specifications of error, of which we deem it necessary to mention only a few.

Appellant contends that the court erred in permitting the witness Mrs. Lulu Smith to testify, over his objection, to a statement made by the prosecutrix.

"In a prosecution for rape, the state may prove by the prosecutrix and other witnesses that she made complaint soon after the commission of the alleged act, and show when, where and to whom and under what circumstances she made complaint and her appearance, demeanor and physical condition at the time she made complaint, but the details of the conversations had and name of the person accused by her may not be given by the witness." (*State v. Fowler*, 13 Ida. 317, 89 Pac. 757, approved in *State v. Neil*, 13 Ida. 539, 90 Pac. 860, 91 Pac. 318.)

It was error to admit the detailed statement by prosecutrix as to just what happened and the name of her assailant. Later on in the trial Dr. Worthington, a witness for the state, testified, without objection on the part of appellant, as to what the prosecutrix said to him, his evidence tallying with that of Mrs. Smith. The objection and exception directed to the testimony of Mrs. Smith do not apply to the testimony of the doctor. Error in overruling an objection to the admission of evidence is harmless where the

same matter sought to be elicited by the question is later received in evidence without objection. (*State v. Walters,* 178 Iowa, 1108, 160 N. W. 821; *State v. Augustus,* 129 La. 617, 56 So. 551; *Damm v. State,* 128 Md. 665, 97 Atl. 645; *Terry v. State,* 15 Ga. App. 108, 82 S. E. 635; *Baltimore & O. R. Co. v. State,* 81 Md. 371, 32 Atl. 201; *City of Beardstown v. Smith,* 150 Ill. 169, 37 N. E. 211.)

Appellant also contends that the court erred in sustaining an objection of the state to the following question asked of the prosecutrix: "Q. Have you been there [at the float-house] when anyone else was there but Mike Bliss?" The court said: "I think at the present time it is not in order. We will wait and see what testimony develops." If admissible at all this evidence would only be admissible "for the purpose of rebutting the inference of guilt to be drawn from expert medical testimony tending to show that an act of intercourse had been committed." (*State v. Pettit,* 33 Ida. 326, 193 Pac. 1015.)

In *State v. Farmer,* 34 Ida. 370, 201 Pac. 33, this court said: "In a prosecution for the crime of rape of a female under the age of consent, evidence of particular acts of unchastity on the part of the prosecutrix, sought to be introduced for the purpose of discrediting and impeaching her, is not admissible."

"At most if this evidence tended to prove anything it was that the prosecutrix had an opportunity to commit illicit acts with persons other than the respondent. (*State v. Henderson,* 19 Ida. 524, 114 Pac. 30.)"

Under the rule of *State v. Farmer, supra,* the evidence offered by appellant was not competent because it would tend to prove merely an opportunity. It was not admissible for the purpose of discrediting or impeaching the prosecutrix. It was not admissible under the rule of *State v. Pettit* because, at the time it was offered and rejected, the state had not offered any expert medical testimony tending to show that an act of sexual intercourse had been committed. Such expert evidence was admitted later on, and

after that the appellant was permitted to prove by several witnesses that the prosecuting witness had been alone with a man named Dolfelmeier on several occasions within a month or so of the alleged rape, under circumstances and conditions which afforded an opportunity for intimacy between them. Therefore, under any view of the matter the sustaining of the objections to these questions put to the prosecutrix on cross-examination was not error.

Appellant's counsel asked the witness Swindy if he knew the general reputation of Mrs. Smith (the prosecuting witness and mother of the prosecutrix) in that community for truth and integrity. In a discussion following the objection the court said that it would refuse to permit any testimony calculated to arouse a suspicion in the minds of the jury as to the chastity of the witness Mrs. Smith. Appellant's counsel contends that he had the right to impeach the witness Mrs. Smith by showing that her reputation for chastity was bad or by showing specific acts of unchastity. Our statute governs as to the impeachment of a witness.

C. S. 8038: "A witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his general reputation for truth, honesty or integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness, or the record of the judgment, that he had been convicted of a felony."

Under no circumstances could the witness Mrs. Smith be impeached by showing her general reputation for chastity or specific acts of unchastity. The witness stated that he knew the reputation of Mrs. Smith for truth, honesty and integrity and that it was not good. This was all to which the appellant was entitled.

The witness Swindy for the defense was permitted to testify that the witness J. C. Johnson, who testified for the state, had said to him that the prosecutrix had been lying around here all winter "diddling" and that he caught her

and Dolfelmeier "diddling" back of his barn on the manure pile. The court in speaking of this testimony said to the jury:

"Gentlemen of the jury, this testimony in regard to Pansy Connor, this last statement is not to be considered by you in any way questioning the character of Pansy Connor. That is not a question submitted to you, in this case, but it is only a question of impeaching witness and showing contradictory statements in regard to what witness Johnson testified to here. You will consider the testimony of this witness no further than that."

Appellant complains of this statement of the court as error. The evidence was admitted without objection on the part of the state, and the court adopted the theory that it was admissible to impeach the witness Johnson on the ground that it showed contradictory statements on his part. It was not admissible for that purpose. The witness Johnson for the state had simply testified to certain admissions made by the defendant Black. On cross-examination he was asked whether he had said to the witness Swindy: " 'Yes, this girl,' referring to Pansy Connor, 'has been diddling around here all winter. I saw her and Dolfelmeier on the manure pile back of my barn diddling.' "

The state made no objection to this. The question should have been objected to and the objection sustained, as the evidence was entirely improper for the purpose of impeachment or any other purpose. No objection being made, the witness denied that he had made such statement. Later the witness Swindy was permitted to testify that Johnson had made such a statement. It was in connection with this testimony the court said it was not admitted for the purpose of questioning the chastity of the prosecutrix, but merely for the purpose of impeaching the witness Johnson by showing a contradictory statement. The evidence was not properly admissible for any purpose. If the question put to the witness Johnson on cross-examination had been proper, as the court assumed it was, then the testimony of the wit-

ness Swindy would have been admissible merely for the purpose of impeachment, as stated by the court. In no aspect of the matter can the ruling of the court be considered reversible error.

The appellant requested the following instruction:

"The court instructs you, that you must be satisfied of the guilt of the defendant beyond a reasonable doubt, and the circumstances must point to his guilt, to the exclusion of any other reasonable hypothesis, and you must not only be satisfied beyond a reasonable doubt, that all the circumstances proved are consistent with the defendant having committed the act, but you must also be satisfied that the facts are such as to be inconsistent with any other rational conclusion than that the defendant is guilty.

"If there is any one single fact proved to the satisfaction of the jury by a preponderance of the evidence, which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit the defendant."

The court struck out the last sentence. Appellant complains this was reversible error.

"An instruction is erroneous and properly refused which authorizes an acquittal because of a reasonable doubt arising from any particular fact in the case, or from any particular part of the evidence, independent of other parts of the same, particularly where the court has charged properly on reasonable doubt." (16 C. J., p. 998.)

The modification of the instruction by the court was proper.

Appellant requested the following instruction: "The jury are the sole judges of the credibility of the witnesses, and of the weight to be given to their testimony, and in determining this you may take into consideration the interest, if any, the witness has in the result of the trial; the bias or prejudice, if any, for or against the accused; the reasonableness or unreasonableness of his or her statements, also the demeanor of the witnesses on the witness-stand; (the

36 Idaho.—3

manner of facial expressions if they appear, and apply your knowledge and observation of human motives and affairs, from which you will find the truth, and present the same in your verdict, and unless you are satisfied beyond a reasonable doubt, from all the evidence and the consideration you give it, as herein defined, that the defendant committed the crime charged, then it is your duty to render a verdict of not guilty)."

The court modified it by striking out the part which is above inclosed in parentheses. Appellant complains of this as reversible error. The matter covered by the proposed instruction is substantially covered by instructions 8 and 11 given by the court. It is not error to refuse requested instructions if the substance of the same is covered by the instructions given. (*State v. Curtis,* 29 Ida. 724, 161 Pac. 578; *State v. Nolan,* 31 Ida. 71, 169 Pac. 295; *State v. Petrogalli,* 34 Ida. 232, 200 Pac. 119.)

Appellant requested the following instruction: "The court instructs the jury, that if they find from any evidence that any witness, in this case, has made a voluntary admission to the facts thereof, and if such admission is contrary to the testimony of the witness, then such conflict may be considered by the jury, for the purpose of determining the credibility of said witness, and the weight to be given to the evidence of said witness, (and if you find, from the evidence, that Pansy Connor, at any time subsequent to the twenty-seventh day of February, 1921, admitted or stated that the defendant had not wronged her in any way, then you are instructed, that this circumstance may be considered by you in determining the credibility of her evidence in this case)."

The court modified it by striking the portion which is marked by parentheses above. Appellant complains of this as reversible error.

"Instructions as to the credibility of witnesses should be general and apply to all of the witnesses for the state

and the defendant.'' (*State v. Rogers,* 30 Ida. 259, 163 Pac. 912.)

It was not error for the court to strike out that part of the requested instruction which called special attention to the witness Pansy Connor.

The last specification of error is that the court erred in refusing to grant a new trial. No exception was taken to the order and there is no bill of exceptions in the transcript. In order for the supreme court to review an order refusing to grant a new trial it is necessary that an exception be saved and incorporated in a bill of exceptions. (C. S., secs. 9008 and 9010; *State v. Smith,* 4 Ida. 733, 44 Pac. 554; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Park,* 31 Ida. 694, 175 Pac. 813; *State v. Crawford,* 32 Ida. 165, 179 Pac. 511; *State v. Ray,* 32 Ida. 363, 182 Pac. 857; *State v. Mushrow,* 32 Ida. 562, 185 Pac. 1075; *State v. Subisaretta,* 33 Ida. 473, 196 Pac. 625.) In the state of this record the order of the court denying the motion for a new trial is not properly before us for review.

Waiving this point, it appears from the record before us that the motion was properly denied. In his brief appellant's counsel argues that the court erred in refusing to grant a new trial, first, because the evidence was insufficient to support the verdict, and second, because of newly discovered evidence. As to the insufficiency of the evidence he relies on the point that the prosecuting witness did not directly testify that there was penetration. She testified that from the time the appellant seized her and drew her to him she did not know what occurred. Her hysterical condition a short time afterward, testified to by several witnesses, would account for this, and was undoubtedly accepted by the jury as a reasonable explanation. Several witnesses testified to statements made by appellant that he took liberties with the prosecutrix, but did not accomplish intercourse because he was interrupted by parties who were searching for her. There is evidence showing that after her meeting with appellant her clothes were torn and soiled;

that there were stains showing traces of spermatozoa on her underclothes, her hymen was ruptured and the insides of her thighs showed abrasions. Dr. Woods, who examined her a few days after the occurrence, testified that the rupture of the hymen was a fresh one, but he could not be more definite than to state that the rupture had occurred within a month. We think the jury was justified in concluding from this evidence that the defendant was guilty of rape. The *corpus delicti* can be proved by circumstantial evidence. (*Choate v. State,* 12 Okl. Cr. 560, 160 Pac. 34, L. R. A. 1917A, 1287.) The circumstances here were sufficient to justify the jury in finding that penetration had occurred. As to the newly discovered evidence, it was claimed that witnesses would testify to statements of the prosecutrix, after the trial, that appellant had not harmed her. Evidence to the effect that she had made such statements before the trial was admitted, and the jury evidently did not believe it. The alleged newly discovered evidence is simply cumulative. It is a well-established rule that a new trial will not be granted for newly discovered evidence which is purely cumulative. This applies to criminal trials. (*State v. Davis,* 6 Ida. 159, 53 Pac. 678; *State v. Fleming,* 17 Ida. 471, 106 Pac. 305; *State v. Bond,* 12 Ida. 424, 86 Pac. 43; *State v. Lumpkin,* 31 Ida. 175, 169 Pac. 939.)

Other specifications of error set forth in the brief are clearly not well taken and we do not consider them worthy of specific discussion.

Rice, C. J., and Budge and Dunn, JJ., concur.