(No. 5141.   March 24, 1928.)

STATE, Respondent, v. CHARLES H. SMITH, Appellant.

[265 Pac. 666.]

L. R. Morgan and P. J. Evans, for Appellant.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

TAYLOR, J.—This is an appeal from a judgment of conviction of rape upon a girl under 18 years of age, and from an order denying motion for new trial.

The offense was alleged as of March 8, 1927. Evidence of a doctor as to the result of his examination of the prosecutrix made about May 1, 1927, was received over objection, and a motion to strike it was denied. This examination was not so remote as to preclude admission of the evidence. The objection goes rather to the weight of the evidence than to its admissibility. (4 Elliott on Evidence, sec. 3107.) It tended to establish the *corpus delicti*, that the prosecutrix had had intercourse with someone, constituting rape at her age, and to corroborate her statements to that extent. (*State v. Wilson*, 30 Utah, 403, 8 Ann. Cas. 908, 85 Pac. 433.)

Error is assigned in the admission of an exhibit, a check signed by defendant, payable to the prosecutrix, as not sufficiently identified. His signature thereto was identified. The prosecutrix had testified that he told her after his arrest upon this charge, that he would give her $200 to leave before his preliminary examination, and not appear against him, and as to conversations which she had overheard between defendant and his wife about this money; that he called her early in the morning to catch a train; and that she received the check of $185 and $15 in money

from defendant's wife. Another witness testified that she overheard parts of these conversations between defendant and the prosecutrix, and defendant and his wife, as to these matters; and there was evidence of his having obtained $15 from a neighbor the night before, in denominations of currency delivered to the prosecutrix. This check and money were found upon her when she was intercepted near the state line. The identification of the check was sufficient for its introduction.

Refusal of the following instruction is complained of:

"You are instructed, gentlemen of the jury, that a conviction of the crime of rape cannot be had upon the testimony of the prosecutrix alone, unless the circumstances surrounding the commission of the offense are clearly corroborative of her statements, and unless you find, from all of the evidence in this case, that the circumstances surrounding the commission of the offense charged, are clearly corroborative of the statements of the prosecutrix, you should find the defendant not guilty."

The court gave the first portion of this instruction as part of another instruction. It is the latter portion of the instruction which makes it erroneous. While this court has held that a conviction of rape cannot be sustained upon the testimony of the prosecutrix alone, and that necessary additional corroboration may be supplied by proof of circumstances surrounding the commission of the offense, clearly corroborative of the statements of the prosecutrix, this has not made of "surrounding circumstances" a fetish, or the only or exclusive corroboration which will suffice. A prosecutrix may be sufficiently corroborated by other evidence of facts or circumstances, apart from, or in conjunction with, circumstances "surrounding" the commission of the offense. This instruction would have assumed that, except for circumstances "surrounding" the commission of the offense, the testimony of the prosecutrix stood "alone," or would have made an absolute requirement of clear corroboration from "surrounding circumstances," and the absence or lack of such character of corroboration fatal to

the prosecution, even though the offense were fully established, or the prosecutrix were clearly corroborated by other evidence of facts and circumstances not confined to "circumstances surrounding" the commission of the offense. The instruction was properly refused. Instruction No. 5 given correctly advised the jury as to necessary corroboration of a prosecutrix.

■ Refusal of the following instruction is complained of:
"The court instructs you, gentlemen of the jury, that evidence that the prosecutrix made complaint, if you find that she did make complaint, is not corroborative evidence of the commission of the crime, but such evidence is corroborative only, of her testimony that she did make complaint."

The instruction sought to expound a rule that evidence that a prosecutrix made complaint is not independent "corroborative evidence of the commission of the crime," but assuming that such evidence of complaint may be that of the prosecutrix herself (22 R. C. L., p. 1212, sec. 47), and part of it was such, a mere paraphrasing of the last portion of the instruction will show its erroneous and confusing conclusion, which justified its refusal. In effect, it asked the court to instruct that the testimony of the prosecutrix that she "made complaint, . . . . is corroborative only of her testimony that she made complaint."

■ Defendant's requested instruction No. 3 would have told the jury that proof of any injury to the prosecutrix's sexual organs was not "such corroboration of the commission of the crime as would justify you in finding the defendant guilty." Such evidence might be plainly corroborative of "the commission of the crime"; that sexual intercourse with this girl under 18, and thus rape, had been committed by someone. While it would not establish the defendant's connection therewith, it would have been erroneous and confusing, if other necessary proof established his connection therewith as the perpetrator thereof.

■ Defendant's proposed instructions Nos. 4 and 5 were properly refused. They would have "singled out the testi-

mony of the prosecutrix," and burdened it in violation of the rule that "instructions as to the credibility of a witness should be general, and apply equally to all of the witnesses." (*State v. Rogers,* 30 Ida. 259, 163 Pac. 912.)

▮▮ Refusal to advise a verdict of acquittal is not reversible error. (*State v. Foell,* 37 Ida. 722, 217 Pac. 608.) Nor was the evidence insufficient to support the verdict. Evidence of defendant's attempt to procure the absence of the prosecutrix, with other statements of his, overheard and detailed by a witness other than the prosecutrix, furnished ample corroboration of the prosecutrix. (*State v. Keyser,* 38 Ida. 57, 219 Pac. 775; *State v. Marren,* 17 Ida. 766, 107 Pac. 993; *Ryal v. State,* 16 Okl. Cr. 266, 182 Pac. 253; *State v. Jonas,* 48 Wash. 133, 92 Pac. 899; *State v. Roller,* 30 Wash. 692, 71 Pac. 718; 16 C. J., p. 555, sec. 1075; Underhill on Criminal Evidence, 3d ed., 200, 207; 2 Wharton's Criminal Evidence, 10th ed., p. 1492.)

▮ The repetition, by the prosecuting attorney, of one or more objectionable questions, complained of, was improper; however, we do not deem it of sufficient importance to call for further discussion, except to say that the court, by sustaining objection thereto, and by instructions, protected the defendant against this impropriety.

The judgment and order denying motion for new trial are affirmed.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.