(No. 5176. March 18, 1929.)

STATE, Respondent, v. WESLEY VAIL, Appellant.

[275 Pac. 578.]

Stone & Jackson, for Appellant.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

BUDGE, C. J.—Appellant was convicted of the crime of statutory rape. He has appealed from the judgment and assigns as error that the evidence is insufficient to support the verdict and judgment. The evidence may be briefly summarized as follows:

On the night of May 29, 1927, appellant with three boys and three girls left Caldwell in a Chevrolet coach, drove to Nampa and back to near the city limits of Caldwell, where they left the highway and drove some distance out on a cross-road and stopped. The prosecutrix testified, among other things, that one of the boys became ill and got out of the car. Later, all of the parties got out of the car except the prosecutrix and appellant. Appellant then forced the prosecutrix to have sexual intercourse with him, while she tried to fight him off and uttered a scream, heard by others of the party. Shortly thereafter all of the parties got back into the car and returned to Caldwell. The prosecutrix also testified that shortly after their return to Caldwell she made complaint to one of the girls who was a member of the party, and on the day following made complaint to her sister. There is evidence in the record that the prosecutrix had

never met appellant before, that she sat on his lap on the drive from and to Caldwell. There is also evidence that there was some drinking; that the parties occupying the car, except the prosecutrix and appellant, after getting out of the car remained in close proximity thereto, and that during the time appellant and prosecutrix were in the car one of the parties came to the car and asked appellant for a bottle of liquor, which he gave to her. The record discloses the further fact that either on Wednesday or Thursday following the Sunday evening of May 29, 1927, the prosecutrix was taken to a physician for a vaginal examination. The physician's testimony may be summarized as follows:

"I first made a vaginal examination . . . . to find the condition of the hymen to see whether she had been accustomed to sexual intercourse, things of that kind. . . . . There was a bruised spot on the right side of the vagina that would be caused from some pressure in some way, rather violent pressure, but there was no abrasion, just a black and blue spot on the vagina on the right side. . . . . It was possible for sexual intercourse to have taken place. . . . . It was possible that this girl had had intercourse; that it hadn't occurred more than once."

On cross-examination the physician testified, in answer to the question:

"Q. From the general appearance there, and your examination, did it look to be more likely that she had, or had not, had intercourse?

"A. Nothing to tell me either way. It could have been, but whether it was or not I don't know. There was a bruised spot on the side of the vagina."

The physician was unable to testify, if intercourse had taken place, whether recently or otherwise, and further stated that the condition found could have existed without intercourse.

In *State v. Anderson*, 6 Ida. 708, 59 Pac. 180, the following language was used:

"Undoubtedly the rule is that a defendant may be convicted of the crime of rape upon the uncorroborated testi-

mony of the prosecutrix; but this is only so when the character of the prosecutrix for chastity as well as for truth is unimpeached, and where the circumstances surrounding the commission of the offense are clearly corroborative of the statements of the prosecutrix.''

The reputation of the prosecutrix for truth was unimpeached, and her chastity unquestioned. While as to the latter, such evidence would be inadmissible (*State v. Henderson,* 19 Ida. 524, 114 Pac. 30), the fact that her evidence was not contradictory no doubt would be taken into consideration by the jury in connection with all the other facts and circumstances in the case.

''While the law in this class of cases requires that the prosecutrix shall be corroborated, it does not demand that the corroboration shall be by direct evidence of the particular fact constituting the crime. Proof of incriminating circumstances is sufficient.'' (*Dunn v. State,* 58 Neb. 807, 79 N. W. 719.)

In 22 R. C. L. 1226, the rule is stated as follows:

''If there is any evidence tending to strengthen or corroborate the testimony of the prosecutrix, and thereby to single or point out the defendant as the perpetrator of the offense, its sufficiency is for the jury. Whether there is any corroborative evidence tending to connect the defendant with the commission of the crime is a question for the court.''

In *State v. Hines,* 43 Ida. 713, 719, 254 Pac. 217, the following language is used:

''Whether or not the testimony of a prosecutrix is clearly corroborated by other facts and circumstances is, in the first instance, a question for the jury, and unless this court can say, as a matter of law, that such evidence is not clearly corroborative, we cannot reverse the cause upon that ground. *State v. Mason,* 41 Ida. 506, 239 Pac. 733.''

We are therefore confronted with the proposition whether ''the circumstances surrounding the commission of the offense are clearly corroborative of the statements of the prosecutrix,'' the test laid down in *State v. Anderson, supra.*

We are of the opinion that they are. In this case there is proof of the complaint made by the prosecutrix shortly after the commission of the offense, which is a corroborating circumstance. (*State v. Black,* 36 Ida. 27, 208 Pac. 851; *State v. Fowler,* 13 Ida. 317, 89 Pac. 757; *State v. Neil,* 13 Ida. 539, 90 Pac. 860, 91 Pac. 318; *State v. Smith,* 46 Ida. 8, 265 Pac. 666; 22 R. C. L. 1213.) There is proof of outcry at the time the offense was committed; testimony of the physician as to the physical examination of the prosecutrix; evidence that the prosecutrix and appellant were alone under circumstances showing an opportunity and a disposition to commit the offense. While none of these facts and circumstances standing alone may be said to be sufficient to furnish the *quantum* of corroborative proof necessary, when taken and considered together they furnish sufficient evidence of corroboration within the meaning of the rule. (*State v. Smith, supra;* Underhill on Criminal Evidence, 3d ed., sec. 614; 33 Cyc. 1475; *State v. Rash,* 27 S. D. 185, Ann. Cas. 1913D, 656, 130 N. W. 91; *People v. Rardin,* 255 Ill. 9, Ann. Cas. 1913D, 282, 99 N. E. 59; 22 R. C. L. 1218.)

This case is distinguishable from *State v. Short,* 39 Ida. 455, 228 Pac. 274, in that the record herein contains sufficient facts and circumstances corroborative of the statements of the prosecutrix, held to be lacking in the Short case.

The judgment is affirmed.

Givens and Wm. E. Lee, JJ., concur.

Hartson, D. J., dissents.